THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Evelyn Joyce
 Manley, both individually and as Guardian ad Litem for Tiara M., a minor
 under the age of eighteen, Natasha Manley, Howard Sampson, and Bryant Ward, Plaintiffs,
 Of whom Evelyn
 Joyce Manley is the Appellant,
 
 
 

v.

 
 
 
 John Richard
 Fesperman, Respondent.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2012-UP-013
 Submitted January 3, 2012  Filed January
25, 2012

AFFIRMED

 
 
 
 Daniel A. Hunnicutt, of Conway, for
 Appellant.
 Terra M. Futch, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Evelyn Joyce Manley appeals the jury's verdict
 awarding her $977 for actual damages arising out of a car accident with John
 Richard Fesperman.  On appeal, Manley argues the trial court erred in admitting
 prejudicial statements concerning Manley's previous lawsuits, her retention of
 a lawyer, and visits to a chiropractor, and in denying her motion for a
 mistrial.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:
1.  As to whether the trial court erred in allowing testimony concerning
 Manley's previous lawsuits:  State v. Patterson, 324 S.C. 5, 18,
 482 S.E.2d 760, 766 (1997) (finding an issue is not preserved for review when
 the appellant failed to move to strike or request a curative instruction after
 the trial court sustained an objection in his favor); State v. Moyd, 321
 S.C. 256, 263, 468 S.E.2d 7, 11 (Ct. App. 1996) ("[I]f the objecting
 party accepts the ruling of the trial [court] and does not contemporaneously
 object to the sufficiency of a curative instruction or move for mistrial, the
 error is deemed cured, and the issue is not preserved for appeal."
 (citation omitted)).   
2.  As to whether the trial court
 erred in allowing testimony regarding Manley's retention of a lawyer and visits
 to her chiropractor:  Rule 402, SCRE (providing relevant evidence is generally admissible);
 Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to
 make the existence of any fact that is of consequence to the determination of
 the action more probable or less probable than it would be without the
 evidence."); Fields v. Reg'l Med. Ctr. Orangeburg,
 363 S.C. 19, 25-26, 609 S.E.2d 506, 509 (2005) ("[T]he admission or exclusion of evidence in
 general is within the sound discretion of the trial court. . . .  [T]he trial court's decision will not be disturbed on appeal absent an abuse of discretion. An abuse of discretion occurs when the ruling is based on
 an error of law or a factual conclusion that is without evidentiary support. . . .  To warrant reversal
 based on the admission or exclusion of evidence,
 the appellant must prove both the error of the ruling and the resulting
 prejudice, i.e., that there is a reasonable probability the jury's verdict was
 influenced by the challenged evidence or the lack
 thereof." (citations omitted)).  
3. As to whether the trial court
 erred in denying Manley's motion for a mistrial:  Holly Woods Ass'n of
 Residence Owners v. Hiller, 392 S.C. 172, 187-88, 708 S.E.2d 787, 796 (Ct.
 App. 2011) ("The grant or refusal of a mistrial lies within the sound discretion of the trial court
 and the court's ruling will not be disturbed on appeal absent an abuse of discretion.  In
 order to receive a mistrial, the moving party must show error and resulting
 prejudice." (quotation marks and citation omitted)); State v. Knighton,
 334 S.C. 125, 134, 512 S.E.2d 117, 122 (Ct. App. 1999) ("The burden is on
 the movant to show not only error, but resulting
 prejudice.").  
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.